UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-20104-BECERRA

UNITED STATES OF AMERICA,
Plaintiff,
vs.

JOSEPH FELIX BADIO,
Defendant.
_______________________________________/

**MOTION TO WITHDRAW**

Undersigned counsel respectfully requests that the Court allow her to withdraw from representation and that the Court appoint new counsel for Mr. Badio. In support of this Motion, undersigned counsel states:

1. Mr. Badio is charged by indictment with one count of conspiracy to provide material support and resources to carry out a violation of Section 956(a)(1), resulting in death, under 18 U.S.C. § 2339A(a); one count of providing material support and resources to carry out a violation of Section 956(a)(1), resulting in death, under 18 U.S.C. § 2339A(a); and one count of conspiracy to kill and kidnap a person outside the United States, in violation of 18 U.S.C. § 956(a)(1). Mr. Badio and his newly charged co-defendants made an initial appearance on September 21, 2026, but the superseding indictment remains under seal on the docket.
2. The Court provisionally appointed undersigned counsel via email on September 20, 2026, and the Magistrate Judge formally appointed counsel on the record at the initial appearance on September 21, 2026.

3. Undersigned counsel conferred with Assistant United States Attorney Sean McLaughlin, lead counsel for the government, regarding a potential conflict of interest. Undersigned counsel worked for the Federal Defender's Office through the end of 2023. In 2022, the Federal Defender's Office represented Rodolphe Jaar in this case. Mr. Jaar ultimately hired private counsel. In February of 2023, well after Mr. Jaar hired private counsel, the Federal Defender's Office was appointed to represent Archangel Pretel Ortiz, another co-defendant in this case. Because of the prior representation of Mr. Jaar and the government's position that the representation created a conflict of interest, the Court held a *Garcia* hearing. DE 146. Undersigned counsel is not privy to the sealed transcripts of that hearing, but the government reviewed the transcripts and the Court's determination regarding the conflict. The Court determined that the Federal Defender's Office could continue representing Mr. Pretel Ortiz, but appointed separate counsel to handle any cross-examination of Mr. Jaar, the former client of the Federal Defender's Office.[1] DE 193.
4. The government informs undersigned counsel that Mr. Jaar is one of the main witnesses against Mr. Badio and Mr. Jaar will testify at Mr. Badio's

[1] The Federal Defender's Office filed a separate motion to withdraw based on a conflict of interest in 2024. The Court granted that motion and appointed CJA counsel. Undersigned counsel does not have reason to believe the 2024 conflict impacts her representation of Mr. Badio.

trial. Mr. Jaar was a potential witness against Mr. Ortiz; he is one of the government's central witnesses against Mr. Badio.

5. Public defender offices are analyzed as law firms for the purposes of imputed conflicts of interest; therefore, if any lawyer from the office would be prohibited from representing a client, all members of the office are prohibited from representing that client. *See* Fla R. Prof'l Resp. 4-1.10(a); Cmt. to Fla R. Prof'l Resp. 4-1.10 (defining "firm" and explaining how conflict imputation applies to legal services organizations). Based on the Court's prior ruling following the *Garcia* hearing, the Court would need to appoint separate counsel to handle any cross-examination of Mr. Jaar.

6. While this conflict is resolvable with the appointment of additional counsel, undersigned counsel would not be able to handle a significant portion of the case against Mr. Badio. As an example, the government raised a concern that there may be a conflict of interest in counsel's representation at the detention hearing scheduled for September 28, 2026. Because Mr. Jaar is such a significant government witness against Mr. Badio, separately appointed conflict-free counsel would need to take a very significant role in the defense, including being present through the entire trial.

7. Separately, undersigned counsel has concerns about her ability to devote enough time as this case warrants in the next year. Specifically, undersigned counsel expects to be in three trials in the next eight months: (1) *United States v. Hernandez*, 26-CR-60176-KMW, a kidnapping case

scheduled to begin on October 19, 2026, as CJA appointed counsel; (2) *State v. Kilada*, 25-11795-CF, a six-count sexual battery case in Pinellas County, scheduled to begin on December 9, 2026; and (3) *United States v. Terry Rozier*, 25-CR-323, in the Eastern District of New York, scheduled to begin on February 8, 2027, and anticipated to last approximately one month. In addition to the immediate trials in the coming months, counsel will then need to prepare for a trial in a significant FCPA case.

8. The government informs undersigned counsel that the discovery in this case is over 85 terabytes of information and data with over 150 digital devices and more than 500 witness interviews. Counsel will also need to review the transcripts of the two co-defendant trials. This case requires not just the review of the very substantial discovery, but a full investigation and the preparation of a defense in a way that affords Mr. Badio effective assistance of counsel. That task will be nearly impossible with undersigned counsel's previously scheduled trials.

For these reasons, undersigned counsel respectfully requests that the Court grant this motion to withdraw and appoint conflict-free counsel for Mr. Badio who will have the time to devote to this substantial matter.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

*By: /s/ Lauren Field Krasnoff*
Lauren Field Krasnoff
Florida Bar Number 0086951
lkrasnoff@markuslaw.com