UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-20104-BECERRA

UNITED STATES OF AMERICA,
Plaintiff,
vs.

JOSEPH FELIX BADIO,
Defendant.
_________________________________________/

**SECOND MOTION TO WITHDRAW and APPOINT CONFLICT-FREE COUNSEL**

Undersigned counsel respectfully moves to withdraw from this matter due to an actual conflict of interest that is separate and apart from the previous conflict that undersigned counsel previously raised. The conflict addressed in this Motion was not addressed in the previous Motion to Withdraw and undersigned counsel does not re-raise the issue addressed by the Court at the hearing on October 13, 2026. In support of this Motion, undersigned counsel states:

1. Mr. Badio is charged by indictment with one count of conspiracy to provide material support and resources to carry out a violation of Section 956(a)(1), resulting in death, under 18 U.S.C. § 2339A(a); one count of providing material support and resources to carry out a violation of Section 956(a)(1), resulting in death, under 18 U.S.C. § 2339A(a); and one count of conspiracy to kill and kidnap a person outside the United States, in violation of 18 U.S.C. § 956(a)(1).

2. The Court provisionally appointed undersigned counsel via email on September 20, 2026, and the Magistrate Judge formally appointed counsel on the record at the initial appearance on September 21, 2026.

3. Undersigned counsel filed a Motion to Withdraw based on a resolvable conflict and her own trial schedule. (DE 129). The Court denied the Motion without prejudice. (DE 2142).

4. The potential conflict raised in the original Motion to Withdraw was addressed by the Court at status conferences and a *Garcia* hearing in February, March, and April of 2023. At the hearing on the Motion to Withdraw, the Court ordered the government to produce to counsel the sealed transcripts from those hearings. The government produced those transcripts the same night.

5. Upon reviewing the transcripts, undersigned counsel realized a more obvious conflict that Mr. Badio cannot waive. Undersigned counsel does not re-raise the conflict with Mr. Jaar in this Motion to Withdraw. Instead, undersigned counsel discloses an actual conflict of interest between Mr. Badio and Archangel Pretel Ortiz, a co-defendant who was represented by the Federal Defender's Office, preventing undersigned counsel from continuing in this matter. Because of a medical outbreak at FDC-Miami, undersigned counsel has not yet been able to discuss the transcripts with Mr. Badio.

6. The Court appointed the Federal Defender's Office to represent Mr. Pretel Ortiz on February 14, 2023. (DE 120). The Federal Defender's Office accepted the appointment.

7. On February 16, 2023, the government filed a Motion Requesting a *Garcia* Hearing, related to the Federal Defender's brief prior representation of Rodolphe Jaar. (DE 123). This Motion was addressed in the aforementioned hearings in February, March, and April of 2023. (DE 143, 158, 193). Following the hearings, the Court allowed the Federal Defender's Office to continue its representation of Mr. Pretel Ortiz.

8. The Federal Defender's Office represented Mr. Pretel Ortiz from February 2023 through October of 2024. In October of 2024, the Court granted the Federal Defender's Office's Motion to Withdraw because of an irreconcilable conflict of interest. (DE 892, 896). The Court appointed CJA conflict-free counsel for Mr. Pretel Ortiz.

9. Undersigned counsel worked at the Federal Defender's Office when the Office was appointed to represent Mr. Pretel Ortiz and for eleven months of representation, until undersigned counsel left the Office at the end of December 2023.

10. Public defender offices are analyzed as law firms for the purposes of imputed conflicts of interest; therefore, if any lawyer from the office would be prohibited from representing a client, all members of the office are prohibited from representing that client. *See* Fla R. Prof'l Resp. 4-1.10(a);

Cmt. to Fla R. Prof'l Resp. 4-1.10 (defining "firm" and explaining how conflict imputation applies to legal services organizations). That imputation governs undersigned counsel's work at the Federal Defender's Office in 2023. Although undersigned counsel left in 2023, the obligation to Mr. Pretel Ortiz remains.

11. Florida Rule of Professional Responsibility 4-1.9 governs conflicts of interest with a former client. A lawyer who formally represented a client must not afterward represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives consent.

12. Here, Mr. Badio and Mr. Pretel Ortiz are co-defendants in the same matter whose interests are materially adverse. Mr. Badio and Mr. Pretel Ortiz are charged in the same conspiracy. A jury convicted Mr. Pretel Ortiz and he awaits sentencing. A convicted co-defendant facing sentencing has every reason to consider cooperating against a defendant who has not yet been to trial. And the conflict exists whether or not Mr. Pretel Ortiz testifies because Mr. Badio is entitled to a lawyer who can examine every co-conspirators role and argue that role to the jury and at a potential sentencing. Under the Florida Bar Rule, Mr. Badio cannot waive this conflict.

13. Undersigned counsel conferred with Assistant United States Attorney Sean McLaughlin, lead counsel for the government. The government agrees that

a conflict exists between Mr. Badio and Mr. Pretel Ortiz, but defers to the Court on the Motion to Withdraw.

For these reasons, undersigned counsel respectfully requests that the Court grant this Second Motion to Withdraw and appoint conflict-free counsel for Mr. Badio.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

*By: /s/ Lauren Field Krasnoff*
Lauren Field Krasnoff
Florida Bar Number 0086951
lkrasnoff@markuslaw.com